## SEWALL BUTTERFIELD *vs.* INHABITANTS OF SCHOOL DISTRICT No. 6 IN PROSPECT.

*School-district—town cannot alter without notice to inhabitants.*

Under an article in the warrant "to see if the town will set off a part of the districts, numbers 9 and 17" so as to form a school-district with contiguous portions of an adjoining town, it is not competent for the town to set off a portion of a district other than those specified in the warrant.

A person seeking to recover a tax paid by him to a school-district, upon the ground that he was not, at the time of the assessment, a resident of the defendant district, but that the part of the town in which he resided had been formed into a new district with portions of a neighboring town, is not entitled to recover unless he shows that the towns co-operated in their corporate capacity to form such new district.

ON REPORT.

The court to render such judgment as the law and the evidence required.

The opinion contains a statement of the case.

*T. W. Vose,* for the plaintiff.

*W. H. McLellan,* for the defendants.

DICKERSON, J. This is an action to recover back the amount of a school-district tax assessed upon the plaintiff by the defendants in 1869, and paid by him under protest.

The plaintiff claims to maintain this action upon the single ground that the premises occupied by him when the tax was assessed were not within the limits of school-district No. 6.

It is admitted that the district in which the plaintiff was assessed is now called No. 6, and was called No. 10 in 1850, and remained No. 10 until 1857.

It appears by the town records that the town was divided into school-districts anew in 1822, and that the territorial limits of No. 10 were specifically defined and established and, by parol evidence, that the premises occupied by the plaintiff when he was assessed were a part of No. 10 under that division.

The plaintiff contends that the premises occupied by him when the assessment was made were set off into a new district, composed of portions of the towns of Prospect and Frankfort, by vote of the town, passed April 1, 1833. The article in the warrant calling that meeting, upon the subject in question, is as follows : " To see if the town will set off a part of districts Nos. 9 and 17, being the northeast part of Prospect, to unite with the districts Nos. 1 and 16, being the southwest part of Frankfort, to form a district on a line between the two towns." Under this article the town voted " to set off a number of the inhabitants of Prospect to form a school-district with a number of the inhabitants of Frankfort, somewhere on the line between the two towns." The new district thus provided for on the part of Prospect embraced the " Batchelder lot ; " the same that the plaintiff occupied when he was assessed.

In order to establish a school-district out of contiguous portions of two towns it is necessary that both towns should co-operate in their corporate capacity to effect this purpose. There being no evidence before us that the town of Frankfort ever did so in this case, the vote of Prospect, for the purposes of this controvesy, must be regarded as inoperative and void.

But the article in the warrant was to see if the town would set off No. 9 and No. 17, not No. 10, or any part of it. The vote of the town in setting off the " Batchelder " lot from No. 10 did not follow the warrant. The call in the warrant did not notify the inhabitants of No. 10, or any one of them, that any action of the town in regard to the territorial limits of that district was contemplated. They had a right to such notice, and the vote of the town, undertaking to dismember that district without notice was a nullity.

The premises of the plaintiff, assessed in 1869, were a part of school district No. 10 in 1822, and there is no evidence in the case to prove that they ever ceased to constitute a part of that organization, though its name was subsequently changed to No. 6.

*Plaintiff nonsuit.*

APPLETON, C. J.; CUTTING, WALTON, BARROWS, and PETERS, JJ., concurred.